**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TIFFANY B.,

       Plaintiff,

         v.

FRANK BISIGNAO,
  COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

No. 24 CV 13265

Magistrate Judge McShain

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tiffany B. appeals the Commissioner of Social Security's denial of her application for benefits. For the following reasons, plaintiff's motion for summary remand [20] is denied, defendant's motion for summary judgment [21] is granted, and the denial of benefits is affirmed.[1]

## Background

In February 2018, when she was 34 years old, plaintiff applied for disabled child's benefits based on her adoptive father's work record, alleging an onset date of January 31, 1984 (her birthday). [15-1] 120, 272-80. The claim was denied initially, on reconsideration, and after a June 2021 hearing before an administrative law judge (ALJ). [*Id.*] 120, 279-80. The Appeals Council vacated the ALJ's decision and remanded for further proceedings. [*Id.*] 129-30. On remand, the ALJ held a new hearing and, in December 2023, again denied plaintiff's application. [*Id.*] 24-30. The Appeals Council denied further review in October 2024 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's sequential evaluation process for disabled child's benefits claims

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [15-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [9].

where the claimant is 18 years or older and has a disability that began before age 22. *See* 20 C.F.R. § 404.350(a)(5). An adult applicant who seeks disabled child's benefits must show that she had "a disability that continued unabated from before the applicant's 22nd birthday to the time of the filing of the application." *Hess v. O'Malley*, 92 F.4th 671, 677 (7th Cir. 2024). To resolve that issue, the ALJ undertakes the same five-step inquiry into whether the claimant is disabled that applies in adult disability cases. *Id.*

Here, the ALJ noted that plaintiff had not attained age 22 as of the alleged onset date. [15-1] 27. At step one, however, the ALJ found that plaintiff had engaged in substantial gainful activity after she attained age 22. [*Id.*]. More specifically, the ALJ determined that plaintiff earned approximately $27,174 during a 16-month period from 2007 through 2009, and that plaintiff's monthly earnings were "well above the substantial gainful activity threshold." [*Id.*]. Because plaintiff had engaged in substantial gainful activity after turning 22 and before applying for child's disability benefits, the ALJ concluded that plaintiff was "barred from receiving child's disability benefits under Social Security Ruling 85-5c[.]" [*Id.*] 29. That Ruling provides that "a claimant for adult childhood disability benefits is only eligible for those benefits if she can show continuous disability between her twenty-second birthday and the date of her application." *Bray v. Colvin*, Civil Action No. 13-12799-WGY, 2015 WL 14106460, at *4 (D. Mass. Sept. 1, 2015).

## Legal Standard

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

### A. Appeals Council's Failure to Provide Plaintiff with Audio Recording or Transcript of June 2021 Hearing

Plaintiff first argues that a remand is required because the Appeals Council denied her request for review of the ALJ's December 2023 decision without providing her with an audio recording of the June 2021 hearing with the ALJ. [20] 4-8.

As plaintiff explains, the attorneys representing her during her appeal of the ALJ's 2023 denial of benefits repeatedly informed the Appeals Council that (1) they were unable to access a CD that contained plaintiff's claim file, (2) they did not receive a second CD with the claim file that the Appeals Council indicated it had mailed to them, and (3) they could not access the audio recordings of plaintiff's hearings before the ALJ. *See* [15-3] 506 (February 2024 letter to Appeals Council); [*id.*] 504 (March 2024 letter to Appeals Council); [*id.*] 102 (April 2024 letter to Appeals Council). When the Appeals Council failed to meaningfully respond to these inquiries, and without access to the audio recording of the June 2021 hearing, plaintiff filed her request for review of the ALJ's December 2023 decision with the Appeals Council, arguing that (1) the denial of benefits was predicated, in part, on the ALJ's determination that certain parts of plaintiff's testimony at the June 2021 hearing were not persuasive and (2) given the missing recording of that hearing, the Appeals Council was required, under a provision of the agency's Hearings, Appeals, and Litigation Law Manual (HALLEX), to remand the case for a new hearing. [*Id.*] 268; *see* HALLEX I-3-1-12(B)(3).

Before this Court, plaintiff contends that the Appeals Council's failure to provide her with the audio recording violated both 20 C.F.R. § 404.974, which entitles a claimant to "request and receive . . . a copy or summary of the transcript of oral evidence," and HALLEX I-3-1-21(A), which states that a claimant has the right "to examine all of the contents of a claim(s) file" and may request a copy of the audio recording or transcript of a hearing. [20] 6-7. Plaintiff also argues that the Appeals Council's failure to provide her with the audio recording of the June 2021 hearing deprived her of due process. [*Id.*] 7-8. The Commissioner's only response to these arguments is that no error occurred because, even if plaintiff did not have an audio recording of the June 2021 hearing, she had a written transcript of that hearing. [21] 3-5. According to the Commissioner, "plaintiff had the transcript before the 2023 hearing, when the record was created upon the Appeal's Council's remand of the 2021 ALJ decision." [*Id.*] 4.

The Court concludes that plaintiff's argument about the missing audio recording does not require a remand.

At the outset, the Court emphasizes that the Commissioner's representation that plaintiff had a transcript of the June 2021 hearing when she sought to challenge the ALJ's December 2023 denial of benefits at the Appeals Council is completely unsubstantiated. The Commissioner appears to assume that, simply because the June 2021 transcript is now part of the record before this Court, *see* [15-1] 51-101, it must have been part of the administrative record when the case was remanded by the Appeals Council and when plaintiff sought to challenge the December 2023 denial of benefits. But this is just an assumption–and one that is refuted by the record. For example, the ALJ's 2023 decision contains a list of exhibits that she relied on in resolving plaintiff's claims, but the transcript of the June 2021 hearing is not included

on that list. *See* [15-1] 31-35. During the 2023 remand hearing, moreover, the ALJ and plaintiff's attorney discussed the exhibits that would be admitted into evidence, but neither mentioned the June 2021 transcript. *See* [*id.*] 48. The Court also notes that the Commissioner did not cite any part of the record to support his representation. And despite plaintiff's lengthy response to the Commissioner's claim about the transcript supposedly being in the record before the Appeals Council, *see* [24] 2-6, the Commissioner did not move to file a supplemental brief to substantiate (or withdraw) that claim. The Court therefore finds that plaintiff did not have the transcript of the June 2021 hearing during her appeal to the Appeals Council.

That said, and despite the Commissioner's failure to offer a meritorious defense of the Appeals Council's actions, the Court concludes that a remand is not required for two reasons.

First, plaintiff's argument is beyond the scope of judicial review that is available under 42 U.S.C. § 405(g). Under that provision, the Court has jurisdiction to decide whether the Commissioner's decision is supported by substantial evidence. But plaintiff's first argument has nothing to do with the ALJ's decision. Instead, plaintiff attacks the Appeals Council's handling of one part of the administrative record as plaintiff sought to challenge the ALJ's decision within the agency. Plaintiff cites no cases in which a district court has entertained this type of claim, and the Court is persuaded by decisions from other courts that have concluded that a claim that the Appeals Council failed to provide a claimant with a recording of an administrative hearing is not reviewable. *See Muniz v. Coleman*, No. 6:12-CV-17-JO, 2013 WL 3973928, at *7 (D. Or. July 29, 2013) (because Appeals Council's failure to provide plaintiff with audio recording of hearing "was not a final decision of the Commissioner for purposes of section 405(g)," plaintiff was "free to attack the final decision based on the transcript, which she now has, but she cannot challenge the acts or omissions of the Appeals Council"); *Williams v. Astrue*, No. 4:11-CV-116 (CEJ), 2012 WL 760927, at *6 (E.D. Mo. Mar. 7, 2012) (refusing to adjudicate same claim because "Court's review is limited to whether the ALJ's decision is supported by substantial evidence," and "Appeal's Council's failure to provide audio recordings is not subject to review").

Second, and even if plaintiff's claim were within the scope of § 405(g), the claim fails because plaintiff has not shown how she was harmed by the Appeals Council's failure to provide her with the audio recording. *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (administrative errors are subject to harmless-error rule).

Plaintiff contends that she needed the recording of the June 2021 hearing because, when the ALJ denied her claim in December 2023, the ALJ did so, in part, based on her conclusion that a portion of plaintiff's testimony at the June 2021 hearing was not persuasive. *See* [20] 5, 7. In the December 2023 decision, the ALJ rejected plaintiff's argument that her earnings from 2006 through 2008 did not

4

constitute "substantial gainful activity" because plaintiff was able to work only with "extraordinary accommodations." *See* [15-1] 28-29. As the ALJ explained:

> The undersigned did not find the prior hearing testimony to be persuasive as to the representative's accommodations argument. It was alleged that she is intellectually disabled, and yet she graduated from community college with an associate's degree in childcare and then went on to work in childcare. She testified that she was fired related to letting some children in aftercare use the bathroom, but this was after working in the position for more than a year. During the 16 months she was employed at Kindercare, she was never demoted. The only thing she did not continue to do was write letters to parents daily due to messy handwriting, which hardly supports a subsidy. In fact, her rate of pay increased in November 2007, and never went down.

[*Id.*]

Plaintiff contends that, without a recording or transcript of the June 2021 hearing, she was "prevented . . . from either challenging the ALJ's characterization of that evidence or presenting additional evidence to rebut the ALJ's rationale[.]" [20] 7. It is undisputed that plaintiff now has a copy of the June 2021 transcript–it is in the record before the Court–but plaintiff has not "identified grounds for remand that she would have presented to the Appeals Council, had she received the transcript earlier. Her brief does not offer any persuasive argument that the Appeals Council's conclusion or the Commissioner's final decision might have been different if she had received the transcript earlier. In short, [plaintiff] failed to provide a basis on which to find that her substantial rights were affected by the Appeals Council's decision to decline review without providing a transcript. Accordingly, even if there was error on the part of the Appeals Council, it was harmless." *Muniz,* 2013 WL 3973928, at *7.

### B. Continuous-Disability Requirement

Plaintiff next argues that the ALJ erred by finding that she was ineligible for benefits because she had engaged in substantial gainful activity between 2006 and 2008. *See* [20] 8-13. According to plaintiff, "[n]othing in the statute prohibits applicants for DAC [disabled adult child] benefits from engaging in SGA at any point, let alone prior to application." [*Id.*] 9. Plaintiff's argument is a direct attack on the requirement that an adult applicant for child's disability benefits must be continuously disabled between the time before she turned 22 and when she applied for benefits. And that argument is foreclosed by the Seventh Circuit's decision in *Reading v. Matthews*, which held that such an applicant is not disabled unless she had "a disability which began prior to age 22 *and continued up to the time of the application.*" 542 F.2d 993, 997 (7th Cir. 1976) (emphasis added). The Seventh Circuit recently reiterated that holding in *Hess*, explaining that "[a]n adult applicant must

5

also show that he or she had a disability that *continued unabated* from before the applicant's 22nd birthday to the time of the filing of the application." 92 F.4th at 677 (emphasis added). Plaintiff contends that *Reading* and similar cases were decided "uncritically and/or without considering the import" of other relevant statutory provisions, but the fact that plaintiff takes a dim view of those cases is not a basis on which this Court can ignore controlling circuit precedent.

### C.  Good Cause for Failure to Appeal Denial of 2007 Application

Finally, plaintiff argues that the ALJ erred by failing to determine if she had good cause for not appealing a 2007 decision denying her application for disabled child's benefits. *See* [20] 13-15.

In 2007, plaintiff applied for child's disability benefits based on her adoptive father's earnings record, but the application was denied and plaintiff did not appeal. [15-1] 198-200; [20] 1. As noted above, plaintiff applied for child's disability benefits again, this time based on her adoptive mother's earnings record, in February 2018. [15-1] 272-78. The ALJ denied that application based on, *inter alia*, res judicata grounds. [*Id.*] 122-26. In support, the ALJ noted that there had been "two prior determinations/decisions under Title II, finding the claimant not to be disabled prior to age 22": (1) the 2007 determination, which became "administratively final" due to plaintiff's failure to appeal; and (2) a successful 2013 application for disability benefits under plaintiff's own earnings record, where plaintiff amended her onset date to September 6, 2013 and thereby "acknowledged that [she] was not disabled prior to age 22." [*Id.*] 122-23. Because those prior determinations "involve[d] the claimant's rights on the same facts and on the same issue or issues" as the 2018 application, the ALJ concluded that the 2018 claim was barred by res judicata. [*Id.*] 123. Plaintiff appealed, arguing that, before the ALJ applied res judicata principles, the ALJ should have considered whether plaintiff had good cause for not appealing the 2007 denial of benefits. *See* [*id.*] 487-89. The Appeals Council vacated the denial of benefits without addressing that issue and remanded [*id.*] 129-30, and the proceedings on remand generated the denial of benefits that is the subject of the appeal now before this Court.

The Court rejects plaintiff's argument because plaintiff never asked the ALJ to consider the good-cause issue during the 2023 remand proceedings.

Plaintiff's opening brief does not cite any part of the record showing that plaintiff raised the good-cause issue with the ALJ during the 2023 remand proceedings. *See* [20] 13-15. In her reply brief, however, plaintiff points to a July 2021 letter that her attorneys submitted to the ALJ, after the June 2021 hearing, in which counsel urged the ALJ not to find that res judicata barred her claim. *See* [15-1] 491-92. Plaintiff also relies on a similar letter that counsel submitted to the Appeals Council in March 2022, after the ALJ had concluded that res judicata did bar the

2018 claim. *See* [*id.*] 487-89. The problem for plaintiff is that these documents related the ALJ's June 2021 decision that was subsequently vacated by the Appeals Council. As a result of the Appeals Council's actions, plaintiff's case was remanded to the ALJ for a new hearing and a new determination whether she was disabled, but the good-cause issue was not raised during those proceedings. *See* [15-1] 38-50. The ALJ did not err by failing to consider an issue that plaintiff never raised.

Finally, the Court notes that, during the remand hearing, plaintiff's counsel and the ALJ essentially agreed that the good-cause issue was a moot point. At that hearing, and while the ALJ and plaintiff's counsel were discussing which exhibits were in the record, plaintiff's counsel explained that, after the June 2021 hearing, he had submitted a post-hearing brief that "had to do with res judicata" but that had not been made part of the record. [15-1] 46-47.[3] The ALJ appeared surprised by the omission but, after advising plaintiff's counsel that she was "not going to raise res judicata," asked whether counsel wanted to resubmit the brief. [*Id.*] 47. Plaintiff's counsel reviewed the brief, confirmed that "it just addressed res judicata," and told the ALJ that "I don't think I need to resubmit that." [*Id.*]. This exchange not only confirms that the good-cause issue was not raised on remand; it also demonstrates that plaintiff's counsel and the ALJ agreed there was no need to address that issue because the ALJ's decision would not turn on the applicability of res judicata. That plaintiff has now apparently identified a reason why the ALJ should have considered the good-cause issue cannot undo the fact that plaintiff failed to raise the issue during the 2023 remand proceedings and told the ALJ there was no need to address it.

### Conclusion

Plaintiff's motion for summary remand [20] is denied, defendant's motion for summary judgment [21] is granted, and the denial of benefits is affirmed.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: June 10, 2026**

---

[3] This brief is the same document as the post-hearing letter that plaintiff relies on to support her contention that the good-cause issue was raised during the 2023 remand proceedings.